IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEXTER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-1820 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| DEREK COPPES, JACOB DEANE, and | ) | |
| MATTHEW CORTESE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants Coppes, Deane and Cortese, by their undersigned attorneys, submit the following answer and affirmative defenses to Plaintiff's Complaint:[1]

1. The sole purpose of my claim is of the fact that ERT Officer Derek Coppes unnecessarily and unlawfully used excessive force on me.

**ANSWER:** Defendants admit that Plaintiff is asserting a claim for excessive force but deny that any excessive force was used or that Plaintiff's constitutional rights were violated in any way, and further deny that Plaintiff is entitled to any relief whatsoever.

2. The excessive use of force consisted of the fact that ERT Officers Matthew Christopher Cortese and Jacob Deane held my legs, torso, and my arms behind my back while ERT Officer Derek Coppes viciously struck my left eye, my left eye area and the left side of my mouth with a closed fist.

**ANSWER:** Defendants deny the allegations in paragraph 2.

3. He struck me so many times that I lost count.

**ANSWER:** Defendants deny the allegations in paragraph 3.

---

[1] For ease of reference and clarity, this answer breaks the single paragraph narrative in Plaintiff's complaint into numbered paragraphs.

4. After ERT Officer Derek Coppes struck me with his closed fist he immediately started knee striking me in the area of my left eye. Then ERT Officer Derek Coppes lost all control and jumped on my back and started choking me so hard that I just knew I was going to die because I've never experienced the unconscionable state of mind of a deathly throe by a choke hold.

**ANSWER:** Defendants deny the allegations in paragraph 4.

5. I feel like I'll never recover from this incident from a general stand point.

**ANSWER:** Defendants deny the allegations in paragraph 5.

6. I've developed some kind of uncontrollable twitch in I've never had before prior to this incident.

**ANSWER:** Defendants deny the allegations in paragraph 6.

7. I swear it seem like when ERT Officer Derek Coppes was assaulting me the rest of the staff was just standing there watching to see how far he would go.

**ANSWER:** Defendants deny the allegations in paragraph 7.

8. When ERT Officer Derek Coppes released his choke hold on me he grabbed my testicles and twist them.

**ANSWER:** Defendants deny the allegations in paragraph 8.

9. Then I was sprayed with O.C.

**ANSWER:** Defendants deny the allegations in paragraph 9.

10. For the record this incident of the incident report #2018-00000092/#2018-00000094 happen in the day room on camera on I-Pod in Will County Jail on 1-9-2018. Video and Audio Communication and Brass Communication is available because I requested for the preservation of it through the Freedom of Information Act on this incident.

**ANSWER:** Defendants admit an incident involving Plaintiff took place in the I-Pod housing unit in the Will County Adult Detention Facility on January 9, 2018, and admit there is a video record of the incident. Defendants further admit that Plaintiff made a FOIA request following the incident. Defendants deny the remaining allegations in paragraph 10.

11. I never resisted not one time through this whole ordeal.

**ANSWER:** Defendants deny the allegations in paragraph 11.

2

12. I have documents authorized by staff here with conflicting stories with a great deal of contradiction in which some documents indicate that I was never touched while other documents indicate that I was kneed in the face.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. I knew for a fact that I was a dead man if I would've been in my cell when the ERT came on I-Pod because there no cameras inside the cells.

**ANSWER:** Defendants admit there are no surveillance cameras inside of the cells, but deny the remaining allegations in paragraph 13.

14. ERT of Will County are known to kill and try to kill people in this jail.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. The ERT gave me an order to get down in which I was in the process of doing so.

**ANSWER:** Defendants admit Plaintiff was ordered to lie down but deny that Plaintiff followed that order and deny the remaining allegations in paragraph 15.

16. Then they grabbed me and had their way with me which is the basis for my litigation claim.

**ANSWER:** Defendants admit they made physical contact with Plaintiff to restrain him and escort him to segregated housing. Defendants deny the remaining allegations in paragraph 16.

17. Within my claim is against the supervising staff that consists of Michael Kelley, Barbara Gordon and Jason Prokop for the inadequacy of the supervision of their ERT Officer's Code of Ethics along with their Code of Conduct. As well as in failing to adequately train their ERT Officers due in part to the atrocities of their ERT Officer's conduct in the field when they injured me.

**ANSWER:** Defendants deny the allegations in paragraph 17, as this Court's order entered on April 2, 2018, dismissed all claims against the referenced persons.

18. Within my claim is against ERT Officers Derek Coppes, Jacob Deane and Matthew Christopher Cortese for Aggravated Assault, Cruel and Unusual Punishment, Violation of my Due Process, Unlawful Excessive Use of Force, Sexual Abuse, Unethical practices, Unethical Code of Conduct.

**ANSWER:** Defendants admit Plaintiff is asserting a claim for excessive force against them, but deny he is asserting any other claim and deny the remaining allegations in paragraph 18.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Qualified Immunity

In further response to the Complaint, and without waiving any of the responses in the foregoing Answer, Defendants have immunity from Plaintiff's claim because a reasonable officer in their position would have believed his or her actions were lawful based on the information known and clearly established law.

### SECOND AFFIRMATIVE DEFENSE
### Prison Litigation Reform Act

In further response to the Complaint, and without waiving any of the responses in the foregoing Answer, Plaintiff's claims are subject to the Prison Litigation Reform Act, 42 U.S.C. §1997e, and the requirements and limitations imposed by that statute including but not limited to exhaustion of remedies, because Plaintiff was a prisoner within the meaning of that statute at the time he filed this action.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully request that this Court enter judgment in their favor and against Plaintiff, and that this Court grant them such further and additional relief as deemed just and proper.

Respectfully submitted,

DEREK COPPES, JACOB DEANE and
MATTHEW CORTESE

Martin W. McManaman         /s/ Martin W. McManaman
LOWIS & GELLEN LLP          One of their attorneys
175 W. Jackson Blvd.
Suite 950
Chicago, IL 60604
(312) 364-2500