UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXTER HARRIS, | ) |
| Plaintiff, | ) 18 C 1820 |
| vs. | ) Judge Gary Feinerman |
| DEREK COPPES, JACOB DEANE, and MATTHEW CORTESE, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* suit under 42 U.S.C. § 1983, Dexter Harris alleges that correctional officers Derek Coppes, Jacob Deane, and Matthew Cortese used excessive force against him at the Will County Adult Detention Facility ("WCADF"). Doc. 8. With discovery closed, Doc. 48, Defendants move for summary judgment, Doc. 52. The motion is granted.

**Background**

A.  **Harris's Noncompliance with Local Rule 56.1(b)(3)**

Consistent with Local Rule 56.1, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts along with their summary judgment motion. Doc. 54. The factual assertions in the Local Rule 56.1(a)(3) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, Defendants served on Harris a Local Rule 56.2 notice, which explains what Local Rule 56.1 requires of a *pro se* litigant opposing summary judgment. Doc. 55.

1

Local Rule 56.1(b)(3)(B) required Harris to file "a concise response to [Defendants' Local Rule 56.1(a)(3)] statement … contain[ing] … a response to each numbered paragraph in [Defendants'] statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Although Harris filed a memorandum of law opposing summary judgment, Doc. 60, he did not file a Local Rule 56.1(b)(3)(B) response to Defendants' Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts. The failure to file a Local Rule 56.1(b)(3)(B) response has consequences, as the local rules provide that "[a]ll material facts set forth in the [Local Rule 56.1(a)(3)] statement … will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56.1(b)(3)(C).

The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (collecting cases); *see also Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016) (same); *Boss v. Castro*, 816 F.3d 910, 914 (7th Cir. 2016) (same, collecting cases); *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). Harris's *pro se* status does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Zoretic*, 832 F.3d at 641 ("While we liberally construe the pleadings of individuals who proceed pro se, neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes.")

(internal quotation marks omitted); *Welcher-Butler v. Brennan*, 619 F. App'x 550, 550 (7th Cir. 2015) ("The district court has discretion to demand strict compliance with its local rules, so we uphold its decision because even pro se litigants must follow these rules.") (citations omitted); *Brown v. Wyndemere LLC*, 608 F. App'x 424, 425 (7th Cir. 2015) ("[A] district court is entitled to enforce its local rules, even against *pro se* litigants.") (citing *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)); *Townsend v. Alexian Bros. Med. Ctr.*, 589 F. App'x 338, 339 (7th Cir. 2015) ("[The *pro se* plaintiff] did not … properly respond to the defendants' [Local Rule 56.1(a)(3)] Statement of Material Facts or file a [Local Rule 56.1(b)(3)(C)] Statement of Additional Facts in response to the defendants' motion for summary judgment. … Thus, the district court adopted the factual representations in the defendants' unopposed Statement of Material Facts, and we enforce the court's choice to demand strict compliance with the local rule.").

Here, the problem is not that Harris failed to *strictly* comply with Local Rule 56.1(b)(3)(B); rather, it is that he did not comply *at all*. Accordingly, the court accepts as true the facts set forth in Defendants' Local Rule 56.1(a)(3) statement "to the extent th[ose] facts [a]re supported by admissible and docketed evidence." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 411 (7th Cir. 2019) ("According to well-established Seventh Circuit law, [the non-movant's] noncompliance [with Local Rule 56.1(b)(3)(B)] meant that the district court could exercise its discretion to accept [the movant's] statements of fact as undisputed.") (internal quotation marks omitted); *see also Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607, 607 (7th Cir. 2017) ("The district court treated most of the [movant's] factual submissions as unopposed, because the [non-movant] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the

way it enforced the rule in this litigation.") (collecting cases); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Local Rule 56.1(b)(3)(B)], those facts are deemed admitted for purposes of the motion.") (internal quotation marks omitted); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012) (similar).

That said, the court is mindful that "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not … automatically result in judgment for the movant[s]. [The movants] must still demonstrate that [they are] entitled to judgment as a matter of law." *Keeton*, 667 F.3d at 884 (citations and internal quotation marks omitted). Accordingly, the court will recite the facts as favorably to Harris as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

**B.     Material Facts**

At all relevant times, Harris was housed at WCADF. Doc. 54 at ¶¶ 1-2, 14-15. Harris alleges that Defendants used excessive force against him on January 9, 2018. *Id*. at ¶¶ 2, 4; Doc. 8 at 5. Prior to January 9, 2018, Harris had received the WCADF Inmate Handbook, which set forth the procedures for submitting and processing grievances about various matters, including allegations of officer misconduct or mistreatment. Doc. 54 at ¶¶ 6, 14; Doc. 54-4 at 3-4.

The grievance process at WCADF has two steps: a "grievance level" and an "appeal level." Doc. 54 at ¶ 6. An inmate starts the "grievance level" step by submitting an Inmate Request Form that eventually is given to the head of the relevant department. *Id*. at ¶¶ 6-10. The department head must respond in writing to the grievance within fifteen business days, and the

4

inmate is given a copy of the response. *Id*. at ¶¶ 11-12. If the inmate disagrees with the response, he has 48 hours to submit another Inmate Request Form—with the "Appeal of Grievance" box checked—to initiate the "appeal level" step of the grievance process. *Id*. at ¶ 13; Doc. 54-3 at ¶ 11.

Harris testified that he was familiar as of January 9, 2018 with WCADF's grievance process. Doc. 54 at ¶ 15. Harris submitted three Inmate Request Forms in January 2018 regarding the alleged assault. *Id*. at ¶¶ 17-20, 27; Docs. 54-5, 54-6, 54-7. Harris received timely responses for each of the three grievances. Doc. 54 at ¶¶ 21-22, 24; Doc. 54-2 at 25, 27. The responses denied Harris's account and did not take further action. Docs. 54-5, 54-6, 54-7. Harris never submitted an Inmate Request Form to appeal any of the three responses. Doc. 54 at ¶¶ 25-26, 28.

## Discussion

Defendants seek summary judgment on the ground that Harris did not satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, due to his failure to appeal any of the three grievance responses. Doc. 53 at 4-7. "The PLRA provides that '[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.'" *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) (alteration in original) (quoting 42 U.S.C. § 1997e(a)); *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("The [PLRA's] exhaustion requirement is interpreted strictly … . Unexhausted claims are procedurally barred from consideration.") (citation and internal quotation marks omitted). A prisoner's "[f]ailure to exhaust" his

administrative remedies "is an affirmative defense for which the defendants carry the burden of proof." *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018).

The PLRA's exhaustion requirement applies to excessive force claims brought by pretrial detainees and convicted prisoners. *See Witzke v. Femal*, 376 F.3d 744, 750-51 (7th Cir. 2004) ("Under the PLRA, a prisoner is defined as 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.' … [T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they … allege excessive force or some other wrong.") (quoting 42 U.S.C. § 1997e(h)) (second set of internal quotation marks omitted). To properly exhaust, an inmate "must file complaints *and appeals* in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (emphasis added); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) ("[The pretrial detainee] needed to comply with the [county jail's] grievance process: he had to have filed any grievance within 15 days of the alleged incident, and he had to have appealed within 14 days of receipt of any administrative response to the grievance."); *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) ("A prisoner must comply with the specific procedures and deadlines established by the prison's policy … even if he expects the process will ultimately be futile.").

It is beyond dispute that WCADF's grievance process included a "grievance level" step and an "appeal level" step. Doc. 54 at ¶ 6; *see Williams v. Saffold*, 2016 WL 1660527, at *2 (N.D. Ill. Apr. 27, 2016); *Goldsmith v. Correct Care Sol'ns*, 2015 WL 2437332, at *1 (N.D. Ill. Mar. 31, 2015); *Goldsmith v. Zolecki*, 2013 WL 5699302, at *3 (N.D. Ill. Oct. 18, 2013). Nor is there any dispute that Harris was aware of WCADF's grievance process at the time of the alleged

assault, but that he failed to pursue an appeal after receiving the "grievance level" responses to his three grievances. Doc. 54 at ¶¶ 14-15, 21, 25-26.

Harris offers no excuse or justification in his summary judgment papers for failing to appeal any of the three responses, thereby forfeiting any argument that his failure should be excused or justified. *See Gibbons v. Mony Life Ins. Co.*, 760 F. App'x 444, 447 (7th Cir. 2019) ("[A]rguments not made in response to summary-judgment motions are waived."); *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006) ("By failing to raise [an argument] in his brief opposing summary judgment, [the plaintiff] lost the opportunity to urge it in both the district court and this court."), *overruled in other part by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005) ("Accordingly, because [the plaintiff] failed to properly present the issue to the district court in response to [the] motion for summary judgment, that issue is waived."). Instead, Harris contends that "[e]xhaustion of … administrative remedies is not required because of the paramount role Congress has assigned to the Federal Courts to protect constitutional rights." Doc. 60 at 1. Harris is wrong; as the Supreme Court has explained, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (alteration and internal quotation marks omitted); *see also Ramirez*, 906 F.3d at 537 ("[M]ost prisons and jails … offer a grievance process, and they expect prisoners to use it in accordance with its terms. Congress has strongly backed up the prisons in this respect. A state prisoner who wishes to bring a civil rights action—perhaps for … excessive force on a guard's part—cannot do so unless he has exhausted his administrative remedies within the prison."). Moreover, by

failing to cite any legal authority addressing the PLRA's exhaustion requirement, Harris has forfeited his argument that the requirement does not apply to his claims. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 n.3 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority … forfeits the point.") (internal quotation marks omitted).

In sum, Harris's undisputed "failure to take a timely administrative appeal within the [WCADF] system means that he has failed to exhaust his [administrative] remedies for purposes of § 1997e(a)." *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); *see also Conley v. Anglin*, 513 F. App'x 598, 601 (7th Cir. 2013) ("An untimely administrative appeal may lead to dismissal for failure to exhaust."); *Dixon v. Page*, 291 F.3d 485, 491 (7th Cir. 2002) (holding that a prisoner failed to exhaust where he did not appeal his grievance). It follows that his suit is subject to dismissal under the PLRA. *See Pozo*, 286 F.3d at 1025 ("[The prisoner] filed a timely and sufficient [grievance] but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed.").

## Conclusion

Defendants' summary judgment motion is granted. As the judgment rests on exhaustion grounds, Harris's claims are dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice. Even a dismissal without prejudice is final, and hence appealable, when the statute of limitations is bound to block a fresh suit, so this approach should provide some opportunities to prisoners without costing them their crack at appellate review.") (citations and internal quotation marks omitted); *see also Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013)

(similar). Having dismissed Harris's claims on exhaustion grounds, the court expresses no view as to the truth of his allegations that Defendants severely beat him without justification.

June 11, 2019

_____
United States District Judge